# United States Court of Appeals
## For the First Circuit

No. 24-9004

IN RE: WESTBOROUGH SPE LLC,

Debtor,

------------------------------

LOLONYON Y. AKOUETE,

Appellant,

v.

NATHANSON & GOLDBERG, P.C.; THE MOBILESTREET TRUST; TOWN OF WESTBOROUGH; JONATHAN R. GOLDSMITH, Chapter 7 Trustee,

Appellees.

Before

Montecalvo, Kayatta and Rikelman,
Circuit Judges.

**JUDGMENT**

Entered: December 13, 2024

Plaintiff-Appellant Lolonyon Akouete (Appellant) has appealed from the Bankruptcy Appellate Panel's (BAP) dismissal of his appeal from the bankruptcy court's denial of his motion for an interim distribution in Chapter 7 proceedings. The BAP determined that the order denying an interim distribution did not constitute a final decision for purposes of 28 U.S.C. § 158(a)(1) and (c), declined to exercise its discretion to conduct review under § 158(a)(3) and (c), and dismissed the intermediate appeal. Appellant seeks review of that dismissal and also of the BAP's denial of his motion seeking reconsideration.

In this court, Appellant has filed, inter alia, a motion to expedite and a motion to proceed in forma pauperis (IFP). He previously filed IFP motions with the BAP, but the BAP denied relief because it determined and certified that this appeal was not being taken in good faith. See Fed. R. App. P. 24(a)(3)-(5) (if lower court "certifies that the appeal is not taken in good faith," appellant

may only proceed IFP on appeal if he files a motion to proceed IFP with court of appeals and that motion is granted). Defendant-Appellant Nathanson & Goldberg, P.C., has filed an objection to both of the above-described motions, which the Trustee has joined. Defendant-Appellant The Town of Westborough, which has a tax judgment against real property in the bankruptcy estate, has filed an objection to expediting resolution and a motion for summary disposition.

For the reasons that follow, we conclude that Appellant's IFP motion should be denied and that the appeal should be summarily dismissed for lack of finality. As the BAP explained when dismissing the underlying intermediate appeal, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004). Per 28 U.S.C. § 158(d), this court "ha[s] jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of [§ 158]," which means the court has jurisdiction to entertain appeals from final decisions, etc., made by the district court or the BAP sitting as an intermediate court of appeals. However, in this context, the court will only regard a district court or BAP order as being sufficiently final "if the underlying bankruptcy court order is in fact final." In re Watson, 403 F.3d 1, 4 (1st Cir. 2005); see also In re Bullard, 752 F.3d 483, 485 (1st Cir. 2014) ("We have noted that an order of the BAP cannot be final unless the underlying bankruptcy court order is final."), aff'd sub nom. Bullard v. Blue Hills Bank, 575 U.S. 496 (2015).

With the IFP motion filed in this court, Appellant attempts to address the matter of finality but ultimately offers no argument legitimately suggesting that the rulings designated for appeal are immediately reviewable. The BAP collected lower court decisions holding that rulings on motions for interim distributions are not immediately appealable, and Appellant has not identified any precedent to the contrary. See Woo v. Spackman, 988 F.3d 47, 53 (1st Cir. 2021) (reminding "that the burden of establishing jurisdiction must fall to the party who asserts it"); see also In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 52 F.4th 465, 477 (1st Cir. 2022) ("And when appellate jurisdiction has been called into question . . . this court will generally consider only the rationales offered by the party invoking the court's jurisdiction."); In re Perry, 391 F.3d 282, 285 (1st Cir. 2004) ("To be final, a bankruptcy order need not resolve all of the issues in the proceeding, but it must finally dispose of all the issues pertaining to a discrete dispute within the larger proceeding.").

Instead of pointing to precedent treating the denial of an interim distribution as final, Appellant argues that the relevant ruling is immediately reviewable under the so-called Forgay-Conrad doctrine, an argument he pursued before the BAP by way of his motion seeking reconsideration. However, in denying Appellant's motion, the BAP explained why Appellant could not rely on the Forgay-Conrad doctrine to garner immediate review of the relevant bankruptcy court order, and Appellant's attempts to wield the doctrine in his IFP motion fail to convince that the BAP arrived at an incorrect conclusion. See In re Insurers Syndicate for Joint Underwriting of Medico-Hosp. Pro. Liab. Ins., 864 F.2d 208, 210 n.4 (1st Cir. 1988) (discussing Forgay v. Conrad, 47 U.S. (6 How.) 201, 204 (1848), and rejecting attempted reliance on doctrine because case at bar "involve[d] neither title to property nor its immediate disposition and delivery") (internal quotation marks omitted).

Appellant also argues in his IFP motion that the order denying an interim distribution is immediately reviewable by way of the "marginal finality doctrine" discussed by the Supreme Court

in Gillespie v. U.S. Steel Corp., 379 U.S. 148 (1964). Appellant first presented this argument to the BAP in his post-dismissal motion to proceed IFP on appeal; the BAP noted the untimely presentation of the argument but ultimately rejected the argument on the merits, explaining that subsequent decisions have limited the reach of Gillespie. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 477 n.30 (1978) ("If Gillespie were extended beyond the unique facts of that case, § 1291 would be stripped of all significance."). With his discussion of the "marginal finality doctrine" in his IFP motion filed in this court, Appellant has failed to call the BAP's reasoning into question.

As noted at the outset, Appellant also seeks review of the BAP's denial of his motion seeking reconsideration. That fact does not meaningfully alter the finality analysis. See In re Balser, No. CIV.A. 11-12203-RWZ, 2012 WL 4888530, at *2 n.2 (D. Mass. Oct. 15, 2012) ("But a court's denial of a motion to reconsider an interlocutory, nonappealable order is, by logical extension, also interlocutory and nonappealable.") (typographical error corrected) (citing Bridges v. Department of Maryland State Police, 441 F.3d 197, 207 (4th Cir. 2006) ("The denial of reconsideration of a nonappealable order is not a final order.")).

In accordance with the foregoing, this appeal is **DISMISSED**. See Local R. 27.0(c). To the extent not mooted by the foregoing, any remaining pending motions are denied.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Lolonyon Y. Akouete
Jose Couto Centeio
Stephen F. Gordon
Todd B. Gordon
Brian Walter Riley
Jeffrey T. Blake
Roger L. Smerage
Christine E. Devine
Jonathan R. Goldsmith
Richard King
Westborough SPE LLC